UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE KAY CLARK,<br><br>    Plaintiff,<br><br>v.<br><br>VIP PETCARE, LLC,<br><br>    Defendant. | Case No. 22-cv-08935-AMO<br><br>**ORDER GRANTING MOTION TO TRANSFER**<br><br>Re: Dkt. No. 42 |

Before the Court is Defendant VIP Petcare, LLC's motion to transfer. The matter is fully briefed and suitable for decision without oral argument. *See* Civil L.R. 7-6. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court hereby **GRANTS** the motion for the following reasons.[1]

**I.    BACKGROUND**

Plaintiff Doctor Julie Kay Clark ("Clark"), pro se, is a resident of White Bluff Tennessee, ECF 36 ("Second Amended Complaint" or "SAC") at 1.[2] As a former independent contractor for Defendant VIP Petcare, LLC ("VIP"), Clark performed veterinary services at clinics in Pet Co, Pet Supermarkets, and Tractor Supply stores in the Middle Tennessee area. *Id*. at 6, 53. Clark does not presently live within California or the Northern District of California, did not live here when

---

[1] There is also a pending motion to dismiss before the Court. ECF 50. Because the Court grants the motion to transfer, it does not consider the motion to dismiss. Defendant may re-file the motion to dismiss in the Middle District of Tennessee upon transfer of the case.

[2] In considering the motion to transfer, the Court may consider evidence outside of the pleadings, but it "draw[s] all reasonable inferences and resolve factual conflicts in favor of the non-moving party." *Hamer v. JP Morgan Chase Long-Term Disability Benefit Plan*, No. 22-CV-06886-LB, 2023 WL 4053801, at *5 (N.D. Cal. June 16, 2023).

she worked for VIP, nor did she work for VIP here. *See id.* at 38; ECF 1-1 at 303-307.

VIP Petcare, LLC, through its corporate members, has its corporate headquarters (and principal management offices) in Eagle, Idaho. ECF 42-2 ("Herrman Declaration") ¶¶ 4-7.

Clark signed a contract with Gentle Doctor Tennessee, PLLC ("Gentle Doctor") on October 31, 2016, which contains a forum selection clause stating that "[v]enue shall be in the state in which the Contractor resides." ECF 51-1 at 9.[3] The contract also states that the agreement will be governed by California law. *Id.* at 8. Gentle Doctor is an independent professional limited liability company, ECF 51-1 at 19, and not a party to this lawsuit. Clark has not clarified the relationship between Gentle Doctor and VIP but refers to the contract with Gentle Doctor as the contract between herself and VIP. *See, e.g.*, SAC at 31.

On October 31, 2022, Clark filed an action against VIP in the Superior Court of California, County of Sonoma, concerning her employment with VIP. ECF 1 at 2, Ex. A. On December 16, 2022, Defendant removed the action to this Court invoking its diversity jurisdiction. *Id.* at 2. Clark has since amended her complaint twice. After the Court granted VIP's first motion to dismiss, Clark filed her Second Amended Complaint, the operative complaint, on April 25, 2023, alleging breach of contract, fraud, and "unconscionable contract." SAC. VIP's instant motion to transfer followed.

## II. LEGAL STANDARD

"Section 1404(a) requires the court to make a threshold determination of whether the case could have been brought where the transfer is sought. If venue is appropriate in the alternative venue, the court must weigh the convenience of the parties, the convenience of the witnesses, and the interest of justice." *State v. Bureau of Land Mgmt.*, 286 F. Supp. 3d 1054, 1059 (N.D. Cal. 2018) (citing 28 U.S.C. § 1404(a)).

In considering whether a transfer of venue is warranted, courts consider several factors, including:

---

[3] VIP's request for judicial notice, ECF 51, is unopposed. The Court takes judicial notice of the copy of the fully executed contract described in the complaint as well as the copy of the Tennessee Secretary of State's Business Entity Detail record for Gentle Doctor Tennessee, PLLC.

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). Additionally, "the presence of a forum selection clause" and "the relevant public policy of the forum state" are "significant factor[s]" in the analysis. *Id.* at 499; *see also Lax v. Toyota Motor Corp.*, 65 F. Supp. 3d 772, 776 (N.D. Cal. 2014) (in making the determination, a court may consider: "(1) plaintiff's choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation of other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time of trial in each forum").

The party seeking to transfer bears the burden of showing that "the balance of convenience clearly favors transfer." *Lax*, 65 F. Supp. 3d at 776 (citing *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979)). "The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (citation omitted). A motion for transfer lies within the broad discretion of the district court and must be determined on an individualized basis. *Jones*, 211 F.3d at 498.

## III. DISCUSSION

This case is about Clark's employment and employment contract with VIP. VIP argues that transfer is warranted because there is a valid forum selection clause in the contract Clark entered into with Gentle Doctor, Clark and the relevant witnesses reside in Tennessee, and all events giving rise to her claims took place in the Middle District of Tennessee. ECF 42 ("Motion") at 7-11. Clark argues that the forum selection clause is invalid, her choice of forum is owed deference, VIP's headquarters are located in California, California federal courts can better apply California state law, California juries will be more favorable, and California favors employee rights. ECF 48 ("Response") at 12-24.

The presence of a valid forum selection clause requires district courts to adjust their usual Section 1404(a) analysis in three ways: (1) "the plaintiff's choice of forum merits no weight" and the plaintiff "bears the burden" of establishing that transfer is unwarranted; (2) the Court should not consider arguments about the parties' private interests; and (3) a Section 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules, which may affect public interest considerations. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63-64 (2013). "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* at 64. Accordingly, the Court first considers whether there is a valid forum selection clause before addressing whether transfer is warranted under Section 1404(a).

VIP seeks to avail itself of the forum selection clause in Clark's employment contract. However, the contract is between Clark and Gentle Doctor, *see* ECF 51-1 at 5, and VIP has offered the Court no authority for being able to avail itself of a contract to which it is not a party. As a result, the Court concludes that there is no binding forum selection clause between VIP and Clark. For that reason, the Court instead engages in the typical section 1404(a) analysis below.

### A. Section 1404(a) Factors

Under 28 U.S.C. § 1404(a), the Court must first determine whether the case could have been brought in the district where transfer is sought, i.e., where venue is proper, before assessing the convenience of parties and witnesses and the interest of justice. 28 U.S.C. § 1404(a); *see Bureau of Land Mgmt.*, 286 F.Supp.3d at 1059. Clark does not dispute that this action could have been brought in the Middle District of Tennessee. *See* Response at 13. The Court therefore turns directly to the case-specific analysis of convenience and fairness. Because most of the *Jones* factors favor transfer, the Court ultimately finds transfer appropriate under the facts and circumstances of this case.

#### 1. Plaintiff's Choice of Forum

Although Plaintiff's choice of forum is generally entitled to some deference, "this deference is substantially diminished in several circumstances, including where: (1) the plaintiff's

venue choice is not its residence; [or] (2) the conduct giving rise to the claims occurred in a different forum . . ." *Burgess v. HP, Inc.*, No. 16-CV-04784-LHK, 2017 WL 467845, at *6 (N.D. Cal. Feb. 3, 2017) (citations and quotation marks omitted); *see Easton v. Wells Fargo & Co.*, No. 20-CV-02193-HSG, 2020 WL 3639934, at *3 (N.D. Cal. July 6, 2020) (same). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." *Burgess*, 2017 WL 467845, at *6 (quoting *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).

Here, Clark resides in White Bluff, Tennessee, which is in Dickson County, within the jurisdiction of the Middle District of Tennessee. SAC at 1; *see* Divisions of Court, United States District Court, Middle District of Tennessee <https://www.tnmd.uscourts.gov/divisions-court>. Clark's relevant employment occurred entirely within Tennessee. SAC at 6-7. Accordingly, any deference owed to Clark's choice of venue is substantially diminished. *See Brown v. Abercrombie & Fitch Co.*, No. 4:13-CV-05205 YGR, 2014 WL 715082, at *4 (N.D. Cal. Feb. 14, 2014) (affording plaintiff's choice of forum "significantly reduced deference" in putative class action where plaintiffs resided outside of the Northern District and the majority of events occurred outside of the Northern District); *see also Easton*, 2020 WL 3639934, at *3 (plaintiff's choice of venue in putative class action "entitled to little—if any—weight" where plaintiff resided in the Central District and relevant employment occurred in the Central District).

### 2. Convenience of the Parties and Witnesses

"The convenience of the witnesses, particularly non-party witnesses, is often the most important factor" in ruling on a motion to transfer venue under § 1404(a). *Grossman v. Johnson & Johnson*, No. 14-CV-03557-VC, 2015 WL 1743116, at *1 (N.D. Cal. Apr. 13, 2015) (citing cases). However, the "[c]onvenience of a litigant's employee witnesses is entitled to little weight because they can be compelled by their employers to testify regardless of venue." *Brown v.*, 2014 WL 715082, at *4 (citing cases).

To evaluate this factor, "courts must consider not only the number of witnesses, but also the nature and quality of their testimony." *United States ex rel. Tutanes-Luster v. Broker Sols., Inc.*, No. 17-CV-04384-JST, 2019 WL 1024962, at *6 (N.D. Cal. Mar. 4, 2019) (quoting *Metz v.*

*U.S. Life Ins. Co.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009)). When "establishing inconvenience to witnesses, the moving party must name the witnesses, state their location, and explain their testimony and its relevance." *Hendricks v. StarKist Co.*, No. 13-CV-729 YGR, 2014 WL 1245880, at *3 (N.D. Cal. Mar. 25, 2014) (quoting *Costco Wholesale Corp. v. Liberty Mut. Ins. Co.*, 472 F. Supp. 2d 1183, 1193 (S.D. Cal. 2007)).

The parties dispute where potential witnesses reside. Clark contends that she "plans to subpoena the same number of witnesses from California as she plans to subpoena from Tennessee." Response at 22. VIP argues that party and non-party witnesses such as clinic technicians, VIP Petcare employees, and store personnel "will most likely reside within the Middle District." Motion at 10. However, VIP has not identified the substance or relevance of any potential witness's testimony. Accordingly, VIP has not met its burden to show that the convenience of witnesses will be greater in Tennessee. *See Woolfson v. Conn Appliances, Inc.*, No. 21-CV-07833-MMC, 2022 WL 3139522, at *7 (N.D. Cal. Aug. 5, 2022) (citing *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001)) ("as to the convenience of the witnesses, defendants have not met their burden to 'identify relevant witnesses, state their location[,] and describe their testimony and its relevance'").

Nevertheless, Clark's relevant employment occurred entirely within Tennessee. SAC at 6-7. The record before the Court indicates that the principal witnesses in the case will likely be Plaintiff and local managers, coworkers, and technicians. *See* SAC at 7-12. For that reason, the Court believes that "any non-party witnesses—such as [Clark's] former coworkers or managers—are most likely to reside in the [Middle] District, and therefore, most likely would find it more convenient to testify there." *See Perez v. Performance Food Grp., Inc.*, No. 15-CV-02390-HSG, 2017 WL 66874, at *4 (N.D. Cal. Jan. 6, 2017); *see also Arreola v. Finish Line*, No. 14-CV-03339-LHK, 2014 WL 6982571, at *10 (N.D. Cal. Dec. 9, 2014) (same). Such non-party witnesses are also "very likely [to] be beyond this Court's subpoena power." *Perez*, 2017 WL 66874, at *4; *see Arreola*, 2014 WL 6982571, at *10 (same); *Wilson v. Walgreen Co.*, No. C-11-2930 EMC, 2011 WL 4345079, at *4 (N.D. Cal. Sept. 14, 2011) (same); Fed. R. Civ. P. 45(c) (limiting subpoena power under most circumstances to "within 100 miles of where the person

resides, is employed, or regularly transacts business in person").

As to the parties' convenience, Clark's convenience is "entitled to lesser weight here because she chose to sue in a forum where she does not reside." *See Easton*, 2020 WL 3639934, at *3 (citing cases). Since Clark resides in the Middle District, SAC at 1, a transfer there would be more cost-effective and convenient. *See* Motion at 9. Clark argues that litigating in the Northern District of California would not be inconvenient for VIP because its headquarters are in California. Response at 14. However, VIP's corporate members are Delaware limited liability companies with headquarters in Idaho. Herrman Decl. ¶¶ 4-7.[4] Clark has not presented any facts to suggest that VIP has any relevant case-related contacts with California. Given VIP's seeming lack of contacts with this district, that any non-party witnesses will likely reside in Tennessee, and that Clark herself resides in the Middle District, the Court finds that these factors weigh in favor of transfer.[5]

### 3. Each Forum's Familiarity with the Applicable Law

VIP argues that "both forums have sufficient familiarity with the applicable law." Motion at 12. Clark's claims relate to her employment contract, which contains a California choice of law provision. ECF 51-1 at 9. For that reason, Clark argues that the case should remain in this district. However, "federal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67. Thus, requiring a court to apply another forum's law does not weigh against transfer. *See Indep. Fin. Grp., LLC v. Quest Tr. Co.*, No. 3:21-CV-00537-WHO, 2021 WL 2550397, at *6 (N.D. Cal. June 22, 2021).

Clark further argues that there are differences in the damages typically awarded and the availability of punitive damages in California and Tennessee for breach of contract and fraud. Response at 16. This argument is inapposite. The fact that California and Tennessee may have

---

[4] Clark points to the contract with Gentle Doctor to argue that VIP's headquarters are in Windsor, California. Response at 14. However, the contract only refers to Gentle Doctor's business location. Neither the contract nor the complaint clarifies the relationship between Gentle Doctor and VIP.

[5] VIP's arguments about ease of access to evidence repeat the arguments made about the convenience of parties at witnesses. *See* Motion at 9. Accordingly, that factor does not augur toward transfer.

1  different damages laws does not factor into whether a Tennessee forum can apply California law.
2  Moreover, even if the differences in law were relevant, Clark has not indicated how they differ,
3  beyond mere conclusory allegations.

As the Middle District of Tennessee and the Northern District of California can equally apply California law, this factor is neutral.

### 4. Public Policy Considerations

The Court may also consider "private and public interest factors affecting the convenience of the forum." *Decker Coal Co.*, 805 F.2d at 843. Such factors include court congestion and the "interest in having localized controversies decided at home." *Ravelo Monegro v. Rosa*, 211 F.3d 509, 512 (9th Cir. 2000). VIP argues that public policy considerations such as the relative congestion of the courts warrant transfer to Tennessee. Motion at 11. "The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984). However, VIP only points to the difference in the number of pending cases in the Northern District of California and the Middle District of Tennessee and does not indicate that the relative speed of adjudicating cases is longer in the Northern District. Motion at 11; *see id.* Thus, the relative congestion of the courts does not weigh in VIP's favor.

VIP also argues that Tennessee has a strong interest in resolving the dispute for a contract executed and carried out in its home district. *Id.* at 11. The Court agrees. The Middle District has a greater local interest in this dispute as Clark performed all of the relevant work giving rise to this suit there.[6] *See Easton*, 2020 WL 3639934, at *5 (citing cases); *Brown*, 2014 WL 715082, at *6 (finding this factor favored transfer even though defendant operated stores in both the Northern and Central Districts because "the majority of events occurred in the Central District"); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1157 (N.D. Cal. 2009) ("while the Central

---

[6] Clark's only response is that California should be invested in the outcome of the case because it "involves a corporation that is registered and doing business in the state of California." Response at 10. But as noted above, *see id.* at 14-15, Clark has proffered no indication that VIP has relevant case-related contacts to California.

District's local interest in the controversy may not be substantially stronger than this district's, it nevertheless remains stronger because the events at issue took place there").

This factor weighs in favor of transfer.

### B. Balancing of Discretionary Factors

Plaintiff's choice of forum, as always, weighs against transfer, but is entitled to little deference because Plaintiff does not reside in the Northern District, and she did not suffer any of the alleged violations here. In contrast, the convenience of the parties and witnesses weigh in favor of transfer, as does the local interest in the controversy. The remaining factors are neutral.[7] In its discretion, the Court concludes that transfer is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** VIP's motion to transfer venue. The Clerk is **DIRECTED** to transfer the case to the Middle District of Tennessee, and to close the case.

**IT IS SO ORDERED.**

Dated: December 6, 2023

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

---

[7] Clark argues that California is the proper forum due to the attitudes of individuals in California about pit bulls versus the attitudes of those in Tennessee. Response at 17-21. She also argues that California favors employee rights and provides pro se help by pro bono attorneys. *Id.* at 21-22. These are not appropriate factors to consider in determining whether transfer is proper.